FILED

2022 Jun-14  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ABHINANDANA ANANTHARAJU, M.D., | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) ) Case No.  3:21-cv-00776-HNJ |
| GASTROINTESTINAL SPECIALISTS, P.C., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Gastrointestinal Specialists, P.C., and Mangesh Shukla, M.D., filed a motion to dismiss Plaintiff Abhinandana Anantharaju's Complaint as untimely under the relevant statutes of limitations.  (Doc. 7).  As discussed below, Count One of the Complaint satisfies the 20-year statute of limitations set forth in Alabama Code § 6-2-32, and Count Two satisfies the six-year statute of limitations set forth in Ala. Code § 8-9A-9(2).  Accordingly, the court will deny the motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint if it fails to state a claim for which relief may be granted.  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court revisited the applicable standard governing Rule 12(b)(6) motions to dismiss.  First, courts must take note of the elements a plaintiff must plead to state

the applicable claims at issue.  *Id.* at 675.

After establishing the elements of the claim at issue, the court identifies all well-pleaded, non-conclusory factual allegations in the complaint and assumes their veracity. *Id.* at 679.  Well-pleaded factual allegations do not encompass mere "labels and conclusions," legal conclusions, conclusory statements, or formulaic recitations and threadbare recitals of the elements of a cause of action.  *Id.* at 678 (citations omitted). In evaluating the sufficiency of a plaintiff's pleadings, the court may draw reasonable inferences in the plaintiff's favor.  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

Third, a court assesses the complaint's well-pleaded allegations to determine if they state a plausible cause of action based upon the identified claim's elements.  *Iqbal*, 556 U.S. at 678.  Plausibility ensues "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and the analysis involves a context-specific task requiring a court "to draw on its judicial experience and common sense."  *Id.* at 678, 679 (citations omitted).  The plausibility standard does not equate to a "probability requirement," yet it requires more than a "mere possibility of misconduct" or factual statements that are "merely consistent with a defendant's liability."  *Id.* at 678, 679 (citations omitted).

## ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, Abhinandana Anantharaju, M.D., formerly practiced gastroenterology

2

for Defendant, Gastrointestinal Specialists, P.C. (GIS). (Doc. 1, ¶¶ 3, 11). Anantharaju engaged in a dispute with GIS and its owner, Defendant Mangesh Shukla, M.D., regarding proper payment of Anantharaju's compensation and performance-based bonuses pursuant to his employment agreement. On November 15, 2007, Anantharaju signed an agreement to release all claims against GIS for unpaid bonuses and back wages in exchange for $50,000. (*Id.* ¶¶ 11-12).

Thereafter, GIS sued Anatharaju for breach of contract, and Anantharaju counterclaimed for GIS's failure to pay the afore-discussed bonuses. In addition, Anantharaju's counterclaim renounced the November 15, 2007, release agreement against GIS, declaring it resulted from coercion and duress. (*Id.* ¶12). The dispute proceeded to private arbitration, and on August 31, 2010, Anantharaju tendered the $50,000 payment to the arbitrator's trust account pending an outcome of the arbitration proceeding. (*Id.* ¶ 14).

During the course of the arbitration proceedings, GIS agreed to set aside the November 15, 2007, release agreement, and the arbitrator disbursed the $50,000 from his trust account to GIS on April 9, 2013. (*Id.* ¶ 23). Anantharaju recommenced efforts to collect a higher sum of unpaid bonuses and back wages from GIS. To determine the appropriate sum, Anantharaju sought financial, billing, and accounting records from GIS dating back to 2003. (*Id.* ¶¶ 24-27). GIS claimed it lost the pertinent records in a server failure, and it never produced them. (*Id.* ¶¶ 28-33).

3

During a December 2015 arbitration proceeding, GIS called an accounting expert who testified she examined the financial, billing, and accounting records Anantharaju previously (and unsuccessfully) requested while preparing her testimony on behalf of GIS. (Doc. 1, ¶ 34). According to the arbitrator's award, the expert located those documents on Shukla's personal computer. GIS claimed it had no duty to share the documents with Anantharaju because Dr. Shukla's personal computer did not constitute a GIS computer. (*Id.* ¶ 38). The arbitrator analyzed the data from Shukla's computer, and on November 18, 2016, he entered an award in Anantharaju's favor in the amount of $242,484, which he reduced to $234,354 on February 6, 2017, upon GIS's motion. (*Id.*).

In early 2016, while the arbitration proceedings remained pending, Shukla "effectively shut down GIS, drained the corporation of all significant assets," and moved to Florida to accept a position with another medical practice. (*Id.* ¶ 35). Following the December 2015 arbitration proceeding, Shukla allegedly "transferred the $50,000 payment GIS had received from [Anantharaju] through the Arbitrator to his own personal account and use." (*Id.* ¶ 36). In addition, he allegedly "paid himself amounts above and beyond his normal salary from GIS – monies that he had reason to know, following the arbitration proceeding, were rightly owed to [Anantharaju] by GIS." (*Id.* ¶ 37).

On November 17, 2017, Anantharaju filed a Petition to Confirm Arbitral Award, which the Clerk assigned to another judge of this court.  (Doc. 1, ¶ 39; Doc. 1 in Case No. 3:17-mc-01942-LSC).  GIS did not contest the motion, and on June 4, 2018, this court granted the motion, confirmed the arbitrator's award, and entered judgment in favor of Anantharaju and against GIS in the amount of $234,354, plus costs and post-judgment interest.  (Doc. 1, ¶ 39; Docs. 9-10 in Case No. 3:17-mc-01942-LSC). Anantharaju submitted post-judgment discovery requests in an effort to collect that judgment.  On November 19, 2018, GIS responded to those requests, stating "it had no assets outside of some office furniture and years-old accounts receivable it had stopped attempting to collect."  (Doc. 1, ¶ 40).

On January 15, 2020, Shukla testified during a post-judgment deposition that he "kept the books for GIS himself, on a computer he kept at his home, and that no one else had access to the computer or accounting information."  (*Id.* ¶ 42).  He "admitted that [Anantharaju's] productivity bonuses – the subject of the arbitration award – could not be calculated without the data contained in the QuickBooks file he kept on the computer at his home – and that he alone had access to that data."  (*Id.* ¶ 43).  He also "admitted that the QuickBooks information 'was always there.'"  (*Id.* ¶ 44).

Anantharaju alleges "GIS remains an active Alabama corporation," yet it did not file annual reports with the Alabama Secretary of State in the years 2005 and 2008, and it filed late reports for the years 2003-04, 2006-07, and 2009-17.  (*Id.* ¶ 46).

5

## DISCUSSION

Anantharaju filed the instant Complaint on June 7, 2021. (Doc. 1). Defendants assert the statutes of limitations bar both claims in the Complaint. A court should grant a Rule 12(b)(6) motion to dismiss based upon expiration of the statute of limitations "only where it is apparent from the face of the complaint that the claim is time-barred." *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021) (citations and internal quotation marks omitted).

## I.   Count One of the Complaint Satisfies the 20-Year Statute of Limitations Set Forth in Alabama Code § 6-2-32

Count One of the Complaint presents a Bill to Enforce Creditor's Judgment Pursuant to Alabama Code § 6-6-180 and to Pierce the Corporate Veil of GIS. Alabama Code § 6-6-180 provides:

> When an execution for money from any court has been issued against a defendant and is not satisfied, the plaintiff, or the person for whose benefit such execution is sued out, may file a complaint against such defendant to compel the discovery of any property belonging to him, or held in trust for him, and to prevent the transfer, payment or delivery thereof to such defendant, except when the trust has been created by, or proceeded from, some other person than the defendant himself; and the court may bring any other party before it and adjudge such property, or the interest of the defendant therein, to the satisfaction of the sum due the plaintiff.

According to the Alabama Supreme Court, an action for a "creditor's bill" pursuant to this Code section "is an 'equitable proceeding brought [by a creditor] to enforce [the] payment of [a] debt out of property . . . of [his] debtor which cannot be reached by

6

ordinary legal process." *Wyers v. Keenon*, 762 So. 2d 353, 355 (Ala. 1999) (quoting *Black's Law Dictionary* 369 (6th ed. 1990)) (alterations in original). "A creditor's bill is in the nature of an equitable execution, which is granted on the ground that there is no remedy at law." *Id.* (citing 21 Am.Jur.2d *Creditor's Bill* § 2 (1981)).

To support the claim asserted in Count One, Anantharaju alleges the judgment he received as a result of confirming the arbitrator's award remains unsatisfied. (Doc. 1, ¶ 49). According to Anantharaju, Shukla used the corporate name of GIS "solely to avoid personal liability while reserving to him the benefits gained by using the corporate name, insofar as he attempted to justify his refusal to hand over financial records of GIS during the six-year pendency of litigation by claiming the corporate information was contained on his 'personal computer.'" (*Id.* ¶ 50). Additionally, Shukla allegedly "fraudulently asserted the corporate existence of GIS" when he refused to produce GIS financial records based upon their location on his personal computer, but then used the same records to support GIS's position during the arbitration proceeding. (*Id.* ¶ 51). Shukla also allegedly "drained the funds of GIS in the months immediately following the arbitration in an attempt to frustrate [Anantharaju's] attempts at collection." (*Id.* ¶ 52). Anantharaju asserts that recognizing the corporate existence of GIS "will result in injustice and inequitable consequences," as he "cannot collect his just award for unpaid production bonuses from a corporation with no assets." (*Id.* ¶ 53).

As a remedy for the violations alleged in Count One, Anantharaju requests the court to pierce GIS's corporate veil, compel GIS and Shukla to produce "any property belonging to them, or either of them," and permit him to "enforce [his] existing judgment against Shukla for the full judgment amount of $234,354.00, plus interest." (*Id.* ¶ 54).

The parties dispute which statute of limitations governs this claim.  Defendants contend Alabama's two-year statute of limitations for "claims rooted in fraud" precludes the claim.   (Doc. 7, at 5-10).  *See Ex parte Booth*, 295 So. 3d 647, 657 (Ala. 2019) ("Under [Ala. Code] § 6-2-38(*l*), fraud-based actions are subject to a two-year statute of limitations."); Ala. Code § 6-2-38*(l)* ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").  However, Anantharaju asserts a 20-year statute of limitations applies pursuant to Alabama Code § 6-2-32, which states that "[w]ithin 20 years, actions upon a judgment or decree of any court of this state, of the United States, or of any state or territory of the United States must be commenced." (Doc. 13, at 1-2, 4-7).

Anantharaju's argument carries the day.  To be sure, as Defendants point out, piercing the corporate veil involves an assessment of potential "fraud in asserting the corporate existence," *Shelton v. Clements*, 834 So. 2d 775, 781 (Ala. Civ. App. 2002) (citations omitted), but the doctrine does not present a distinct cause of action with its

own statute of limitations. *See Ex parte Thorn*, 788 So. 2d 140, 145 (Ala. 2000) ("[T]he piercing-the-corporate-veil doctrine is an equitable doctrine. . . . However, that doctrine is not a claim; '[i]t merely furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation.'") (second alteration in original, citations omitted); *see also Ryals v. Lathan Co.*, 77 So. 3d 1175, 1179 (Ala. 2011) (citation omitted) ("A claim based on the alter ego theory is not in itself a claim for substantive relief, but rather is procedural. A finding of fact of alter ego, standing alone, creates no cause of action. It merely furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation."); *Maples, Tr. for Priceville Partners, LLC v. Klein*, No. 5:18-CV-01035-KOB, 2020 WL 1659748, at *16 (N.D. Ala. Mar. 27, 2020) (quoting *Ryals,* 77 So. 3d at 1179); *Lord Abbett Mun. Income Fund, Inc. v. S. Farms, Inc.*, No. 1:12-CV-1099-WKW, 2015 WL 9474287, at *11 (M.D. Ala. Dec. 1, 2015) ("[P]iercing the corporate veil is merely a procedural device. A claim seeking this form of relief . . . is not in itself a claim for substantive relief."); *Grp. CG Builders & Contractors v. Cahaba Disaster Recovery, L.L.C.*, No. CA 11-00729-KD-C, 2012 WL 3245972, at *11 n.11 (S.D. Ala. July 5, 2012), *report and recommendation adopted sub nom. Grp. CG Builders & Contractors v. Cahaba Disaster Recovery, LLC*, No. CIV.A. 11-00729-KD-C, 2012 WL 3206671 (S.D. Ala. Aug. 7,

2012), *aff'd,* 534 F. App'x 826 (11th Cir. 2013) (Requests to pierce the corporate veil "do not present a separate cause of action.").

As the request to pierce GIS's corporate veil does not present a separate cause of action, it neither carries a separate statute of limitations nor adopts the two-year statute of limitations for actions based upon fraud.  Rather, as Anantharaju asserts, the 20-year limitations period for actions upon judgments applies.  The Alabama Supreme Court's decision in *Backus v. Watson,* 619 So. 2d 1342 (Ala. 1993), supports that conclusion.

Backus obtained a civil judgment against Carousel Club 90, Inc., in an Alabama trial court, then filed an action against the Club, the Club's owner, and the owner's wife, "seeking to set aside an alleged fraudulent transfer of the club's assets and to hold the [owners] personally liable for [the] judgment against the [C]lub." *Id.* at 1342.  Backus also asserted the owners "had used the [C]lub as their alter ego and she urged the trial court to disregard the corporate form." *Id.*  The Club's owners argued the two-year statute of limitations in Ala. Code § 6-2-38(n), governing actions based upon the doctrine of *respondeat superior*, precluded the claim.  However, the Alabama Supreme Court found Backus sought to hold the Club's owners personally liable on her judgment; she did not assert the owners "breached a duty owed to her personally or that [they were] liable for any reason other than [their] alleged failure to observe the [C]lub's corporate identity." *Id.* at 1343.  Therefore, the Court characterized Backus's

10

action as "a creditor's bill to enforce a judgment," and it applied the 20-year statute of limitations set forth in § 6-2-32.  *Id.*; *see also In re Delta Invs. & Dev., LLC*, No. 12-01160-NPO, 2019 WL 137578, at *16 n.22 (Bankr. S.D. Miss. Jan. 8, 2019) ("Under Alabama law, a cause of action to pierce the corporate veil and impose liability on a shareholder arises when a judgment holding the corporation liable has been rendered. . . . In Alabama, . . . the statute of limitations period for filing a veil-piercing claim is twenty (20) years . . . .").[1]

Defendants attempt to distinguish *Backus* on the ground that the defendant in that case asserted a two-year statute of limitations under Ala. Code § 6-2-38(n), addressing *respondeat superior,* not under § 6-2-38(*l*), addressing claims for fraud.  That does not present a meaningful distinction.  The 20-year statute of limitations applies to Count One because that claim presents a bill to enforce a creditor's judgment, regardless of Shukla's alleged misconduct underlying the claim.

Moreover, other courts have likewise found that the state statute of limitations for actions to enforce judgments applies when a plaintiff requests to pierce the

---

[1] Although the court in *In re Delta Invs. & Dev., LLC*, No. 12-01160-NPO, 2019 WL 137578 (Bankr. S.D. Miss. Jan. 8, 2019), referred to Alabama law as denoting the claim at issue as a "veil-piercing" claim or cause of action, *see id.* at *16 n.22, the Alabama Supreme Court in *Backus v. Watson*, 619 So. 2d 1342 (Ala. 1993), clearly designates such a cause of action as a "creditor's bill to enforce a judgment."  *Id.* at 1343 (citing *R.E. Pilkerton Electric, Inc. v. Westinghouse Electric Supply Co.*, 444 So. 2d 855 (Ala. 1984); 21 Am. Jur. 2d Creditors' Bills § 2 (1981)).  In any event, regardless of how one designates the claim, it proceeds under Alabama Code § 6-6-180, and thus, stands subject to the limitations period established by Alabama Code § 6-2-32.

corporate veil and hold an individual owner or shareholder liable for a judgment against a corporation. *See Drewitz v. Motorwerks, Inc.*, 867 N.W.2d 197, 207-08 (Minn. Ct. App. 2015) ("Actions asserting equitable claims against shareholders or directors to recover judgments obtained against a corporate entity are equivalent to 'creditor's bills.' . . . . The applicable statute of limitations for such claims is *not* the six-year period found in Minn. Stat. § 541.05, subd. 1, but rather the ten-year period for actions upon judgments under Minn. Stat. § 541.04 (2014).") (emphasis in original, citations omitted); *Rest. of Hattiesburg, LLC v. Hotel & Rest. Supply, Inc.*, 84 So. 3d 32, 46 (Miss. Ct. App. 2012) ("Here, HRS's veil-piercing claim was not a direct action to recover on the open account but instead a derivative action based on the judgment against Restaurant of Jackson and SouthEastern.  Because the purpose of HRS's subsequent veil-piercing action is to collect the judgment debt, the seven-year statute of limitations [for actions 'founded on any judgment] applies and does not bar HRS's 2009 suit."); *Pazur v. Belcher*, 612 S.E.2d 481, 482-83 (Ga. Ct. App. 2004) (contrasting actions to enforce a pre-existing judgment by piercing the corporate veil (in which the state statute of limitations for enforcement of judgment applies) with cases in which a plaintiff seeks to add an individual owner as a separate defendant under the doctrine of piercing the corporate veil before receiving a final judgment against the corporation (to which the state statute of limitations for the underlying tort would apply); *Oceanics Sch., Inc. v. Barbour*, 112 S.W.3d 135, 145-46 (Tenn. Ct. App. 2003) ("[I]t is inescapable that the plaintiff's suit in

which it seeks to pierce the corporate veil and impose the OSC judgment on Barbour as OSC's alter ego is controlled by the ten-year statute of limitations addressing actions on judgments."); *Norwood Grp., Inc. v. Phillips*, 828 A.2d 300, 303 (N.H. 2003) ("[T]he plaintiffs' equitable petition to pierce the corporate veil is governed by the twenty-year statute of limitations for actions to enforce a judgment."); *Solow v. Domestic Stone Erectors, Inc.*, 645 N.Y.S.2d 17, 17 (N.Y. App. Div. 1996) ("As the action is one to enforce a judgment against defendants who, if plaintiff prevails on the piercing question, will be treated as a single personality, it is governed by the 20-year Statute of Limitations . . . ."); *Belleville v. Hanby*, 152 Mich. App. 548, 553, 394 N.W.2d 412, 414-15 (1986) (Statute of limitation for enforcement of judgments applied when, "having already obtained a judgment against the corporation on their personal injury claim, plaintiffs sought, through the lawsuit at issue here, to establish that the judgment obtained against the corporation was also a judgment against the defendants in their individual capacities.").

Based upon this authority, the court agrees with Anantharaju that Alabama Code § 6-2-32's 20-year statute of limitations for actions to enforce judgments applies to Count One of his Complaint.  Anantharaju seeks to pierce GIS's corporate veil solely in an effort to enforce the judgment he already received previously, not to assert or renew any independent claims for wrongdoing against GIS or Shukla.  As Anantharaju received a judgment from this court on June 4, 2018, approximately three years before he filed the instant Complaint, the 20-year statute of limitations does not bar the claim

13

he asserts in Count One. *See Backus,* 619 So. 2d at 1344 (action timely when plaintiff filed it "within 20 years of obtaining her judgment").

## II. Count Two of the Complaint Satisfies the Six-Year Statute of Limitations Set Forth in Ala. Code § 8-9A-9(2)

Count Two of the Complaint presents a claim for fraudulent transfer pursuant to the Alabama Fraudulent Transfers Act, Alabama Code § 8-9A-1 *et seq.* Anantharaju alleges GIS violated that Act by fraudulently transferring assets to Shukla in his personal capacity, including "a $50,000 payment returned by [Anantharaju] to GIS during the course of the underlying litigation" and "every payment made by GIS to Shukla above and beyond Shukla's regular salary during or after the arbitration hearing of this matter in December 2015." (Doc. 1, ¶¶ 56, 58-59). As with Count One, Anantharaju requests the court to pierce GIS's corporate veil, compel GIS and Shukla to produce "any property belonging to them, or either of them," and permit him to "enforce [his] existing judgment against Shukla for the full judgment amount of $234,354.00, plus interest." (*Id.* ¶ 60).

The Alabama Fraudulent Transfers Act specifies its own statutes of limitations, depending upon the subdivision of the Act under which the claim proceeds. *See* Ala. Code § 8-9A-9. The parties dispute the subdivision under which Plaintiff proceeds and, therefore, which statute of limitations governs this claim.

14

Defendants characterize Count Two as asserting a claim arising under § 8-9A-4(c), which imposes a four-year statute of limitations "when the action is brought by a creditor whose claim arose before the transfer was made," Ala. Code § 8-9A-9(3),

> if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor:
>
> > (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> >
> > (2) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Ala. Code § 8-9A-4(c).[2]

Anantharaju characterizes Count Two as asserting a claim arising under § 8-9A-4(a), which imposes a six-year statute of limitations for claims involving personal property regardless of whether the claim arose before or after the transfer was made, "if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor."  Ala. Code § 8-9A-4(a);[3] *see also* 8-9A-9(2) (imposing a six-year statute of limitations for claims under § 8-9A-4(a)).

---

[2] Defendants originally asserted in the Motion to Dismiss that the two-year statute of limitations for "claims rooted in fraud" also barred Count Two.  (Doc. 7, at 7-9).  But they later filed a supplemental brief asserting that the Fraudulent Transfer Act's statutes of limitations applied to Count Two.  (Doc. 11).

[3] The full text of § 8-9A-4(a) reads:  "A transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor."

The allegations of Anantharaju's Complaint evoke § 8-9A-4(a), not § 8-9A-4(c). Indeed, Anantharaju quotes subdivision (a) when he alleges that "[u]nder Ala Code § 8-9A-4, 'A transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor.'"  (Doc. 1, ¶ 57). He also alleges that GIS fraudulently transferred $50,000 to Shukla "with an actual intent to hinder, delay or defraud [Anantharaju]" (*Id.* ¶ 58), and that other payments from GIS to Shukla

> above and beyond Shukla's regular salary during or after the arbitration hearing of this matter in December 2015 constituted a fraudulent transfer intended to hinder, delay or defraud [Anantharaju] in his attempt to collect his just award for unpaid production bonuses, issued by the Arbitrator and affirmed by this Court.

(*Id.* ¶ 59).  Both allegations mirror the language of § 8-9A-4(a), and the Complaint lacks any language advancing a claim GIS or Shukla made transfers without receiving reasonably equivalent value, pursuant to § 8-9A-4(c).

As Count Two of the Complaint arises under § 8-9A-4(a), the six-year statute of limitations applies.  *See* Ala. Code § 8-9A-9(2).  Thus, any claims based upon fraudulent transfers allegedly effected on or after June 7, 2015 (six years before Anantharaju filed the Complaint), would satisfy the statute of limitations.  As the allegedly fraudulent transfer of $50,000 from GIS to Shukla and the subsequent excessive salary payments

to Shukla all occurred "following the arbitration proceeding in December 2015," the fraudulent transfer claim in Count Two is timely.  (Doc. 1, ¶¶ 36-37).[4]

## CONCLUSION AND ORDER

In summary, both claims in Anantharaju's Complaint satisfy the statute of limitations.  Accordingly, the court **DENIES** Defendants' motion to dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the court **ORDERS** Defendants to answer the Complaint within fourteen (14) days of the date of this order.

**DONE** and **ORDERED** this 14th day of June, 2022.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] Though Defendants do not explicitly concede Count Two satisfies the statute of limitations, their reply brief equivocates on that point.  (*See* Doc. 14, at 2 ("Thus, the sole timely cause of action under the AUFTA statutory scheme is that of intentional fraudulent transfer.  Accordingly, Count II of Plaintiff's Complaint is due to be dismissed to the extent Plaintiff asserts any causes of action under the AUFTA that are plainly barred by the applicable statutes of limitation on the face of Plaintiff's Complaint.").

17